## JAMES W. FIELD

### v.

### THE INHABITANTS OF THE TOWNSHIP OF WEST ORANGE.

Where a sale of lands under a municipal assessment is absolutely void, be-
cause made after the time limited by law for the continuance of the lien of the
assessment on the premises, this court has no authority, on a bill *quia timet*, to
order the complainant to pay the assessment; neither can it correct it nor
declare it a lien on the premises, under the statute providing that such assess-
ments shall not be set aside for irregularities or defects in form &c.

Bill to quiet title. On final hearing on bill, answer and
replication.

*Mr. J. W. Field, in pro. pers.*

*Mr. J. W. Taylor,* for defendants.

THE CHANCELLOR.

This suit is brought for relief against an assessment of tax of
1879 on land described in the bill, and a sale for the tax there-
under. The complainant prays that his title to the property
may be settled, and the assessment and sale under it adjudged

Field v. West Orange.

and decided to be illegal and void. The suit is brought under the act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." *Rev. p. 1189.* It is admitted that the sale took place after the expiration of the time limited by law for the continuance of the lien. The sale was therefore *ultra vires* and a nullity. *Johnson* v. *Van Horn, 16 Vr. 136.* The case is, on this head, within the decision in *Lembeck* v. *Jersey City, 4 Stew. Eq. 255 ; Field* v. *West Orange, 10 Stew. Eq. 434.* The complainant is in possession of the land, and can in this way only put the claim under the tax deed in a course of adjudication.

The defendants, by their answer by way of cross-bill, pray that the court will, if the tax or assessment was illegal, or the proceedings for assessing or collecting it were not in conformity to law, ascertain and determine for what sum the land was legally liable to taxation in the year for which the tax was assessed, and fix the amount. It is urged that the provisions of the "general act respecting taxes, assessments and water rates" (*P. L. of 1881 p. 194*) extend to such cases as this, and will warrant the court in making a decree that the complainant pay such tax as ought to have been assessed upon him in respect of the land for 1879. That act provides that no tax, assessment or water rate shall be set aside or reversed in any court of law or equity in any action, suit or proceeding, for any irregularity or defect in form &c., but that the court in which the action, suit or proceeding shall be brought to recover the taxes, assessment or rate, shall be required to amend all irregularities, errors or defects, and, if necessary, shall ascertain, and, by order or decree, fix the amount of such tax, assessment or rate ; and that the amount so fixed shall remain a first lien or charge on the property, and shall be collectible as provided by law, the same as it would have been if properly levied or assessed in the first instance. The provisions of that act would be applicable to that part of the bill which seeks to review and set aside the assessment for irregularity, but this court has no jurisdiction in that matter. *Jewell* v. *West Orange, 9 Stew. Eq. 403.* The sole ground of jurisdiction is the removal

of the cloud of the tax-deed from the title, and to that the act just referred to does not apply. The complainant is entitled to a decree declaring that the tax-deed conveyed no title or interest in or to his land, and is void.